IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RUSSELL ADKINS, M.D.,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | 5:04-CV-80 (WDO) |
| | : | |
| **THE HOSPITAL AUTHORITY OF** | : | |
| **HOUSTON COUNTY, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

This matter is before the Court on a motion to withdraw and to stay discovery filed by Plaintiff's attorneys George McGriff, Eric Wyatt and the law firm of George McGriff & Associates. While the Defendants agree that Plaintiff's attorneys should withdraw, Defendants request sanctions based on Mr. McGriff's and Mr. Wyatt's handling of this matter.

On June 24, 2003, Dr. Adkins performed a surgical procedure on "Mrs. K." Because of problems arising from that surgery, Dr. Adkins operated on her again a month later. In November of 2003, Mr. McGriff went to Mrs. K's home to speak with her concerning the treatment she received in June and July of 2003 while under Dr. Adkins' care. Mrs. K indicated that her treatment was inappropriate and that she did not want to speak to Mr. McGriff unless he was representing her and not representing Dr. Adkins. According to Mrs. K, Mr. McGriff informed her that he would use whatever information he obtained in Dr. Adkins' case to support her case. The evidence presented to the Court shows that Mr. McGriff's and Mr. Wyatt's representation of Mr. and Mrs. K began in November of 2003 and ended in April of 2005. In February of 2005, Mr. McGriff and Mr. Wyatt

wrote a letter to Mr. and Mrs. K asking them to waive any conflicts of interest based on the attorneys' simultaneous representation of them and Dr. Adkins and to request them to join the instant litigation. Mr. and Mrs. K terminated Mr. McGriff's and Mr. Wyatt's representation around that time.[1]

The instant case, the discrimination suit filed by Dr. Adkins against the hospital for the non-renewal of his medical privileges, was filed in March of 2004. More than a year later, Plaintiff's counsel filed the motion to withdraw, arguing that a "newly discovered" conflict of interest prohibits them from continuing their representation of Dr. Adkins. The conflict pertains to Plaintiff's attorneys' simultaneous representation of Dr. Adkins and Mr. and Mrs. K. At a hearing in this Court on November 9, 2004, Plaintiff's counsel stated on the record that they were not representing Mrs. K when they were in fact engaged in negotiations with her regarding a possible medical malpractice suit against the hospital arising out of the surgery performed by Dr. Adkins.

Pursuant to Rule 1.7 of the Georgia Rules of Professional Conduct,

(a) A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client, except as permitted in (b).

(b) If client consent is permissible a lawyer may represent a client notwithstanding a significant risk of material and adverse effect if each affected or former client consents, preferably in writing, to the representation after:

    (1) consultation with the lawyer,

    (2) having received in writing reasonable and adequate information about

---

[1] See R. at 117, Ex. A; Exhibits 3 and 4 from the June 16, 2005 Hearing (February 8, 2005 letter from the McGriff law firm to Mr. and Mrs. K and April 5, 2005 letter explaining the *absence* of a conflict to Mr. and Mrs. K).

>   >   the material risks of the representation, and
>
>   (3) having been given the opportunity to consult with independent counsel.
>
> (c) Client consent is not permissible if the representation:
>
>   (1) is prohibited by law or these rules;
>
>   (2) includes the assertion of a claim by one client against another client represented by the lawyer in the same or substantially related proceeding; or
>
>   (3) involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients.

The maximum penalty for a violation of this Rule is disbarment.

"In determining whether to disqualify counsel, the trial court should consider the particular facts of the case, balancing the need to ensure ethical conduct on the part of lawyers against the litigant's right to freely chosen counsel." Clough v. Richelo, --- S.E.2d ----, 2005 WL 1531914, *2 (Ga. App. 2005) (citation omitted). "To justify an award of sanctions . . . an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct."  Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003) (citations omitted).  Something more than a lack of merit is required.  "The statute was designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith." Id. (citations omitted). "A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." Id. (citation omitted).

3

For more than a year, Mr. McGriff and Mr. Wyatt attempted to represent clients with opposing interests, thereby creating a significant risk that the lawyers' interests and responsibilities to their clients would materially and adversely affect the representation of both clients.  As correctly argued by defense counsel, Mr. McGriff's and Mr. Wyatt's misconduct in this regard has very possibly poisoned an important witness - Mrs. K.  Further, these two attorneys have consistently refused to follow the Court's instructions, and binding case law, regarding discovery and the course this case should take.  Because of the possible prejudicial impact denying their motion to withdraw could have on the case, the Court will grant the Motion to Withdraw by Mr. McGriff and Mr. Wyatt.  However, Mr. McGriff and Mr. Wyatt are HEREBY ORDERED to pay the attorney's fees and costs incurred by defense counsel in preparing for and attending the hearing on the motion to withdraw, including the briefing associated therewith.  In lieu of sanctions, the Court HEREBY DIRECTS THE CLERK OF COURT to refer this matter to the Attorney Discipline Grievance Committee.  Finally, Plaintiff's request to further postpone or stay this case in any way is DENIED.

    **SO ORDERED this \_\_\_\_23rd_____ day of August, 2005.**

    **S/**
    _____
    **WILBUR D. OWENS, JR.**
    **UNITED STATES DISTRICT JUDGE**