IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RUSSELL E. ADKINS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 5:04-CV-0080-CAR** |
| **VS.** | : | |
| | : | |
| **HOSPITAL AUTHORITY OF** | : | |
| **HOUSTON COUNTY, et. al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER ON MOTIONS</u>

Currently before the Court is Defendants' Rule 11 Motion for an award of attorneys' fees from Plaintiff Russell Adkins, his former attorneys George McGriff and Eric Emanuel Wyatt, and their law firm, George McGriff & Associates (collectively referred to herein as "McGriff").   Defendants allege that McGriff filed pleadings in this Court that contained numerous misstatements of fact and law in violation of Fed. R. Civ. P. 11(b) to which Defendants were required to respond.   McGriff filed a sealed response to the present motion, and Defendants thereafter filed a late reply.   Because Defendants' reply was filed outside the time limits set in Local Rule 7.3, McGriff filed a motion to strike the reply as untimely.   Defendants responded by filing a motion for an extension of time.

1

After full consideration of the arguments presented, and for the reasons stated herein, Defendants' Motion for an Extension of Time (Doc. 392) is **GRANTED**; McGriff's Motion to Strike (Doc. 391) is deemed **MOOT**; and Defendants' Motion for Rule 11 Sanctions (Doc. 385) is **DENIED**.

## PROCEDURAL HISTORY

Plaintiff Russell E. Adkins, M.D. brought this case in March of 2004 alleging that his hospital staff privileges at Houston Medical Center were unlawfully suspended and non-renewed because of his race.   At that time, McGriff served as Plaintiff's counsel. McGriff later withdrew from the case, in May of 2005, because of a potential conflict of interest created by McGriff's joint representation of Plaintiff and his former patient.

Following McGriff's withdrawal, Plaintiff secured new representation. Unfortunately, four years later, Plaintiff's replacement counsel was unable to continue her representation due to illness and also withdrew from the case.   McGriff then filed an entry of appearance.   Defendants objected to McGriff's representation of Plaintiff and filed a motion to disqualify counsel on May 22, 2009 (Doc. 227).   Defendants believed that the conflict of interest still existed.   McGriff filed a response (Doc. 229) to Defendants' motion on June 29, 2009, and a sur-reply (Doc. 237) on September 10, 2009. McGriff also filed a motion for sanctions (Doc. 230) against Defendants, on June 29, 2009, claiming that the motion to disqualify was filed in violation of Rule 11.

This Court ultimately granted Defendants' motion to disqualify, <u>see</u> Order, Oct. 20, 2009 (Doc. 243), and Plaintiff retained new counsel in January of 2010.   The Court later granted summary judgment in favor of Defendants.   Judgment was entered in the case on March 29, 2011.   On May 11, 2011, McGriff filed a notice of appeal (Doc. 368) from the disqualification order entered on October 20, 2009.   The Court's disqualification order was affirmed by the Eleventh Circuit Court of Appeals on May 30, 2012.   <u>McGriff v. Christie</u>, Appeal No. 11-12247 (11th Cir. 2012) (Doc. 380).

A year later, Defendants filed the present Motion for Sanctions pursuant to Fed. R. Civ. P. 11(c).   Defendants allege that the pleadings filed by McGriff in response to the 2009 motion to disqualify contained numerous misstatements of fact and law in violation of Fed. R. Civ. P. 11(b).   Shortly after receiving this motion, McGriff filed a motion for an extension of time (Doc. 387) and requested "an additional thirty days within which to respond to Defendants' Motion for Rule 11 Sanctions." (Doc. 387 at p. 4). McGriff's motion was granted, and the response was timely filed on June 3, 2013.   Thus, under the Local Rules, Defendants' reply was due June 17, 2013.   <u>See</u> M.D.Ga. Loc. R. 7.3.   The reply was not filed until July 3, 2013.

Because Defendants' reply brief was not timely filed, McGriff filed a motion to strike the pleading (Doc. 391).   Defendants then submitted a motion for an extension of time (Doc. 392), to which McGriff has filed an objection.

3

**DISCUSSION**

Therefore, three motions are now before the Court: Defendants' Motion for an Extension of Time, McGriff's Motion to Strike, and, of course, Defendants' original Motion for Rule 11 Sanctions.

I.      <u>Motion for an Extension of Time & Motion to Strike</u>

The first matter that must be decided is whether the Court should grant Defendants' Motion for an Extension of Time and consider Defendants' "Reply Memorandum" in support of their Motion for Rule 11 Sanctions.   Under Rule 6(b)(1)(B), the district court may, for good cause, extend the time period for filing a motion after the deadline has expired if the untimely filing was due to an excusable neglect.

To determine if there was excusable neglect, as contemplated by Rule 6, the district court must consider the following factors: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." <u>Ashmore v. Secretary, Dept. of Transp.</u>, 503 F. App'x 683, 685-86 (11th Cir. 2013) (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993)).   This determination is primarily "an equitable one, taking account of all relevant circumstances surrounding the party's omission." <u>Id</u>.   Courts thus "accord[ ]

4

primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." Id.

In this case, the factors weigh in favor of allowing the out-of-time filing. Although Defendants' reply was late, the delay was not entirely without good cause. The response and attachments filed by McGriff, to which Defendants were required to reply, totaled 1171 pages.   A review of this submission alone is a herculean task.   Thus, if Defendants had previously moved for an extension of time in which to file a reply brief, the motion would have been granted.   The additional time was likely required, and there is no indication that Defendants acted in bad faith.   The delay in this case was also relatively short and had no impact on the judicial proceedings.   Judgment has been entered in this case; the Eleventh Circuit Court of Appeals has ruled on all appeals; and costs have been awarded.   For all intents and purposes, this case is over; and McGriff will not suffer any prejudice as a result of Defendants' not-so-punctual filing.

Defendants' request for permission to file their reply outside of the time limits set in Local Rule 7.3 is therefore **GRANTED**, and the reply is deemed timely filed. McGriff's Motion to Strike Defendants' reply as untimely is accordingly **MOOT**.

II.   <u>Motion for Sanctions</u>

 The Court now turns to the real matter in issue:   Defendants' Rule 11 Motion for Sanctions.   Rule 11(b) of the Federal Rules of Civil Procedure provides that an attorney,

5

when "presenting   . . . [a] written motion, or other paper" to the court,

> certifies to the best of his knowledge that: (1) the pleading is not being
> presented for an improper purpose; (2) the legal contentions are warranted
> by existing law or by a nonfrivolous argument to change existing law; and
> (3) the factual contentions have evidentiary support or ... will likely have
> evidentiary support after ... discovery.

McDonald v. Emory Healthcare Eye Cntr, 391 F. App'x 851, 852 (11th Cir. 2010) (quoting

Fed. R. Civ. P. 11(b)).   An attorney thus violates Rule 11 if a pleading is submitted to the

court for an improper purpose or is not supported by the law or evidence. See id.   If

such a violation occurs, Rule 11 allows a district court to "impose an appropriate

sanction on any attorney, law firm, or party that violated the rule or is responsible for the

violation."   Fed. R. Civ. P. 11(c).

In this case, Defendants allege that the motions and papers submitted by McGriff

in response to their motion to disqualify did not satisfy the requirements of Rule 11(b).

Defendants contend that McGriff's pleadings contained numerous incorrect and/or

misleading statements of fact and law.   McGriff, of course, takes issue with this

allegation, but also argues that Defendants' present motion should not even be

considered by the Court, as it was filed too late.   After careful consideration of Rule 11,

the supporting case law, and the procedural history of this case, the Court agrees that the

merits of Defendants' Motion for Rule 11 Sanctions cannot be considered.

According to the advisory committee notes following Rule 11, a motion for

sanctions "should be served promptly after the inappropriate paper is filed." <u>Peer v.</u> <u>Lewis</u>, 606 F.3d 1306, 1313 (11th Cir. 2010) (quoting Fed. R. Civ. P. 11, Advisory Committee Note to 1993 Amend.)). Prompt service of the motion is important because Rule 11(c) includes a "safe harbor" period for the offending party to voluntarily withdraw his pleading without consequence. <u>See</u> Fed. R. Civ. P. 11(c)(2). The rule in fact requires that a motion for sanctions be filed with the court "only if" the challenged pleading is not withdrawn before the twenty-one day safe harbor period expired. Fed. R. Civ. P. 11(c)(2). Sanctions under Rule 11 are thus appropriate "only if" counsel insists on maintaining an untenable position after receiving notice that a motion for sanctions will be filed. <u>See</u> <u>id.</u>

As a consequence of this "safe harbor" provision, "a party cannot delay serving [a] Rule 11 motion until conclusion of the case." <u>See</u> <u>Peer</u>, 606 F.3d at 1313 (quoting Fed. R. Civ. P. 11, Advisory Committee Note to 1993 Amend.)). Such timing is simply "antithetical to the purposes of the twenty-one day 'safe-harbor' period." <u>DeShiro v.</u> <u>Branch</u>, 183 F.R.D. 281, 287 (M.D. Fla. 1998). Thus, while Defendants are correct that "there is no time limit set forth" in the text of Rule 11 (Deft's Reply at p.5), the Eleventh Circuit has interpreted the safe harbor provision as requiring a motion for Rule 11 sanctions to be served and filed "prior to final judgment or judicial rejection of the offending motion." <u>In re Walker</u>, 532 F.3d 1304, 1308 (11th Cir. 2008) (citing <u>Ridder v.</u>

<u>City of Springfield</u>, 109 F.3d 288, 295 (6th Cir. 1997)).  <u>See</u> <u>also</u>, <u>e.g.</u>, <u>Peer</u>, 606 F.3d at 1313 (motion untimely where court had already rejected the offensive pleading at the time party moved for sanctions); <u>Oceanside Lauderdale, Inc. v. Ocean 4660, LLC</u>, No. 10–60025–CIV, 2011 WL 1327379, at * 3 (S.D. Fla. March 8, 2011) (filing of motion five months after court's final ruling precluded award of sanctions).   "Any argument to the contrary renders the safe harbor provision a mere formality." <u>Walker</u>, 532 F.3d at 1308.

In this case, Defendants' Motion for Rule 11 Sanctions was not "served promptly" after the challenged pleadings were filed.  The challenged pleadings were filed over three years ago and have since been considered and rejected by both this Court and the Eleventh Circuit Court of Appeals.   Defendants' Motion was thus clearly filed outside of the time contemplated by Rule 11.  <u>See</u> <u>id.</u>  Defendants have, nonetheless, offered two reasons why they believe the merits of their motion should still be considered.

Defendants first suggest that it would have been "premature" to file a motion for sanctions while the Court's disqualification order was on appeal.  This argument plainly ignores Rule 11's safe harbor provision.  Defendants' response likewise fails to explain why the motion could not have been "served promptly" after McGriff's pleadings were filed or to explain why they still waited nearly a year after the Court of Appeals affirmed the disqualification order to file the present motion.

As discussed above, under Rule 11, the time for filing this motion would have

been <u>before</u> the Court addressed the merits of the motion to disqualify.  Even if substantive issues did need to be resolved prior to ruling on the alleged Rule 11 violations, the Court has the discretion to defer ruling on the motion for sanctions until after the conclusion of the case.   Rule 11, however, does not provide Defendants with similar discretion; parties cannot choose to simply postpone service of their motion until judgment is entered in their favor.   <u>See</u> <u>Walker</u>, 532 F.3d at 1308.

Defendants next argue that they "did file an earlier motion for sanctions in June of 2009" and that Rule 11's safe harbor provision was thus satisfied because McGriff could have "voluntarily withdrawn his notice of intent to appear in light of Defendants' motion to disqualify rather than filing [the challenged pleadings]." (Defts' Reply at pp. 5-6).   Defendants are apparently referring to their motion to disqualify counsel. Although disqualification is a sanction, notice of Defendants' objection to McGriff's appearance in the case is substantially different from notice of Defendants' claim that McGriff violated Rule 11(b) by submitting false and or misleading papers to the Court. Defendants are not currently claiming that McGriff's mere appearance in the case violated Rule 11; Defendants assert that McGriff's submission of subsequent pleadings violated Rule 11.   Because Defendants' motion to disqualify was filed <u>before</u> the pleadings at issue were even drafted, it could not have provided McGriff with the notice and opportunity contemplated by the safe harbor provision.

Furthermore, there is no evidence that Defendants intended their motion to disqualify (or any subsequent response) to serve as notice of a Rule 11 violation. Defendants' motion and responses, (1) did not cite Rule 11 as authority; (2) did not request monetary sanction or attorneys' fees; and (3) were not filed in compliance with the procedural requirements in Rule 11 (i.e., that the motion "be made separately from any other motion" and be filed with the court "only if" the pleading is not withdrawn before the twenty-one day safe harbor period expired).   See Fed. R. Civ. P. 11(c)(2).

Because of the penal nature of Rule 11, its procedural requirements are strictly construed.   Robinson v. Alutiq-Mele, LLC, 643 F. Supp. 2d 1342, 1350 (S.D. Fla. 2009). In light of this, and for those reasons stated above, the Court finds that Defendants' failure to comply with Rule 11's procedural requirements precludes an award of sanctions.   Defendants' Motion is untimely, and the merits of the motion will not be considered.   See Fed. R. Civ. P. 11, Advisory Committee Notes of 1993.   Defendants' Motion for Rule 11 Sanctions is accordingly **DENIED**.

## CONCLUSION

After full consideration of all motions before the Court, and for the reasons stated herein, Defendants' Motion for an Extension of Time is **GRANTED**; McGriff's Motion to Strike is **MOOT**; and Defendants' Motion for Rule 11 Sanctions **DENIED**.

**SO ORDERED** this 27th day of September, 2013.

S/   C. Ashley Royal
C. Ashley Royal, Judge
UNITED STATES DISTRICT COURT

jlr